UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 14-126-DLB

REGINALD MYERS                                                                  PLAINTIFF

vs.                         **MEMORANDUM OPINION AND ORDER**

EDWARD PRINDLE, Jailer[1]                                       DEFENDANT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Plaintiff Reginald Myers is an inmate confined by the Bureau of Prisons in the Federal Correctional Institution located in Terre Haute, Indiana. Proceeding without an attorney, Myers has filed a civil rights complaint asserting constitutional claims under 42 U.S.C. § 1983. Myers alleges that in August 2012, while he was confined in the Boone County Jail (hereinafter "BCJ"), Prindle failed and/or refused to provide him with proper medical treatment and thus violated his rights guaranteed under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment. Myers also alleges that Prindle denied him "due process." By separate Order, Myers has been granted *in forma pauperis* status.

The Court has conducted a preliminary review of Myers's complaint because he asserts claims against a government official and because he has been granted pauper

---

[1] Myers identifies the defendant as "Edward *Prindel*," Jailer of the Boone County Jail ("BCJ"), located in Burlington, Kentucky. According to the BCJ's official website, the correct spelling of the defendant's last name is "Prindle." *See* http://www.boonecountyky.org/JL/default.aspx# (last visited July 29, 2014). Although Myers referred to Edward "Prindel" in his complaint, the Court will use the correct spelling in this opinion.

1

status. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Because Myers is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). For reasons set forth below, the Court concludes as follows: (1) Myers's Eighth Amendment claims against Prindle are time-barred; (2) his "due process" claim fails to state a claim upon which relief can be granted; and (3) his § 1983 complaint must be dismissed with prejudice.

## ALLEGATIONS IN THE COMPLAINT

While Myers was confined in the BCJ in August 2012, a medical problem developed in his right eye. Myers states that on August 9, 2012, he underwent surgery to remove a cataract in his right eye, but that because Prindle failed to provide him with proper medical treatment, he "…was caused to lose all sight in the right eye, rendering the plaintiff nearly blind in both eyes since his left eye was, also, partially blind." (Doc. # 1 at 2). In the following sentence, Myers states that Prindle "…refused to take any type of remedial action to insure that the plaintiff received the proper medical care and attention when his retina became detached from the right eye, thereby preventing the plaintiff from obtaining surgery to restore sight to the right eye." (*Id.*).

Myers alleges that Prindle's failure and/or refusal to ensure that he received proper medical treatment for the problem(s) in his right eye qualified as deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Myers further alleges that Prindle denied him "due process" in violation of the Fifth and/or Fourteenth Amendments of the U.S. Constitution. (*Id.*). Myers demands $2 million in compensatory damages and unspecified punitive damages from Prindle. (*Id.* at 2-3).

2

## DISCUSSION

Myers's Eighth Amendment deliberate indifference claim against Prindle must be dismissed because it is barred by the applicable one-year statute of limitations. Since § 1983 does not provide its own statute of limitations, federal courts "borrow" the applicable limitations period from the state where the events occurred. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). For constitutional torts committed in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) for bringing general personal injury actions applies. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990). Federal law governs when the statute of limitations begins to run. *Wilson*, 471 U.S. at 267; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273

Here, it is unclear whether Myers's retina became detached from his right eye before he underwent cataract surgery, or whether Myers underwent cataract surgery before his retina became detached from his right eye. Regardless of which ocular event occurred first, it is clear from the complaint that Myers's claim--that Prindle failed to provide him with proper medical treatment--accrued no later than August 9, 2012. Thus, Myers either knew or should have known about his alleged eye injury, and the relevant facts underlying his Eighth Amendment claims against Prindle, on or about August 9, 2012.

To satisfy Kentucky's one-year statute of limitations applicable to § 1983 actions, Myers should have filed a § 1983 action alleging this Eighth Amendment medical claim on

or before *August 9, 2013*. However, Myers did not file this § 1983 complaint until July 2, 2014, almost two years after the events of August 9, 2012. Even broadly assuming that Myers timely pursued what, if any, grievance procedures may have been available in the BCJ, that process would not have taken an entire year, from August 9, 2012, to August 9, 2013. It is clear from the face of Myers's complaint that his Eighth Amendment medical claim is barred by Kentucky's one-year statute of limitations, and a district court is permitted to raise a limitations bar *sua sponte* when the "defect was obvious from the face of the complaint." *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).

Finally, Myers broadly alleges that Prindle denied him "due process" in violation of the Fifth and/or Fourteenth Amendments of the U.S. Constitution.[2] However, Myers did not identify the "procedure" to which he was entitled, if any, nor did he allege any facts explaining how Prindle allegedly denied him "due process." Although a *pro se* litigant is entitled to liberal construction of his pleadings and filings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading standard set forth in Federal of Civil Procedure Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting

---

[2] Because Prindle is the jailer of a county jail, he qualifies as a state actor rather than a federal actor. Accordingly, the claims against him fall under the Fourteenth Amendment, applicable to state actors, rather than Fifth Amendment, which applies to federal actors. *See Welsh v. Grayson Cnty. Detention Ctr.*, No. 4:05-CV-151-ERG, 2007 WL 1200267, at *15 (W.D. Ky. April 23, 2007) (concluding that the Jailer of the Grayson County Jail was a state actor and subject to claims under § 1983).

*Twombly*, 550 U.S. at 555) (internal citations omitted).  Myers's claim that Prindle denied him "due process" is woefully insufficient, and requires the Court to speculate about the underlying facts, which a district court is not authorized to do.  *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D .Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.")

If Myers is trying to allege that Prindle denied an administrative grievance that he may have filed, and thus denied him procedural due process of law in that respect, his claim fails because the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983.  *See Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012); *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 F. App'x. 307, 309 (6th Cir. 2001).  Alternatively, if Myers is trying to assert a Fourteenth Amendment substantive due process claim by claiming that Prindle denied him medical treatment on August 9, 2012, that claim also fails. The Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process.  *County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment,

5

not the more generalized notion of substantive due process, must be the guide for analyzing these claims.").

The Eighth Amendment is the proper vehicle through which Myers must challenge his past medical treatment, and as discussed above, Myers's Eighth Amendment medical claims are time-barred. Thus, any broadly worded "due process" claim lacks merit and must be dismissed. *See Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3rd Cir. 2007) (finding that the viability of the prisoner's claim challenging his medical care under the Eighth Amendment foreclosed the availability of substantive due process claim); *Bell v. Johnson*, 308 F.3d 594, 609-10 (6th Cir. 2002) (holding that the prisoner's retaliation claim was squarely covered by First Amendment, thereby precluding a due process claim under Fourteenth Amendment).

For these reasons, Myers's complaint fails to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). The complaint will be dismissed with prejudice, and judgment will be entered in favor of Defendant Edward Prindle.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff Reginald Myers's 42 U.S.C. § 1983 civil rights complaint (Doc. # 1) is **DISMISSED WITH PREJUDICE**.

(2) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Defendant Edward Prindle, Jailer of the Boone County Jail in Burlington, Kentucky.

This 30th day of July, 2014.


Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Cov14\14-126 MOO MTD.wpd