UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

REGINALD MYERS,            )
                          )
        Plaintiff,         )
                          )        Civil Action No. 2:14-126-DLB
v.                        )
                          )
EDWARD PRINDEL, JAILER,[1]  )        **MEMORANDUM OPINION**
                          )        **AND ORDER**
        Defendant.         )
                          )

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Plaintiff Reginald Myers is an inmate confined by the Bureau of Prisons in the Federal Correctional Institution located in Terre Haute, Indiana.  Proceeding without counsel, Myers has filed a motion seeking reconsideration of the prior order and judgment dismissing his civil rights complaint.  For the reasons set forth below, Myers' Motion for Reconsideration [R. 8] will be denied.

## BACKGROUND

In July 2014, Myers filed a *pro se* civil rights complaint asserting constitutional claims under 42 U.S.C. § 1983.  [R. 1]  Myers alleged that on August 9, 2012, while he was confined in the Boone County Jail ("BCJ"), Jailer Edward Prindle failed and/or refused to ensure that he (Myers) received proper medical treatment for an eye condition,

---

[1] Myers identifies the defendant as "Edward *Prindel*," Jailer of the Boone County Jail ("BCJ"), located in Burlington, Kentucky.  According to the BCJ's website, the correct spelling of the defendant's last name is "Prindle."  *See* http://www.boonecountyky.org/jl/(last visited on February 11, 2015).  Although Myers referred to Edward "Prindel" in his complaint, the Court will use the correct spelling in this order.

and that Prindle's alleged inaction violated his rights guaranteed under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment. [*Id.*, p. 2]  Myers also alleged that Prindle denied him "due process" in violation of his federal constitutional rights, and demanded $2 million in compensatory damages and punitive damages from Prindle.  [*Id.*, pp. 2-3]

On July 30, 2014, the Court entered a Memorandum Opinion and Order ("the Opinion and Order") [R. 6] and Judgment [R. 7] dismissing Myers's § 1983 complaint, finding that his Eighth Amendment deliberate indifference claim was barred by Kentucky's one-year statute of limitation period applicable to general personal injury actions, including claims alleging constitutional torts. *See* KRS § 413.140(1)(a). The Court noted that it was unclear whether Myers' retina became detached from his right eye before he underwent cataract surgery, or whether he underwent cataract surgery before his retina became detached from his right eye, but that it was clear from the express wording of Myers' complaint that his Eighth Amendment deliberate indifference claim against Prindle accrued on August 9, 2012.  [*Id.* p. 3]

The Court concluded that, based on Myers's description of the alleged events, he knew or should have known of the relevant facts underlying his Eighth Amendment deliberate indifference claim on or about August 9, 2012; that he should have filed suit on his claim on or before August 9, 2013; but that Myers did not file suit on his claim until July 2, 2014, almost one year after the statute of limitations had expired.  [*Id.*, pp. 3-4] The Court also dismissed Myers' due process claim, finding that he had not alleged any

2

facts supporting his broadly worded assertion that Prindle had denied him due process of law.  [*Id.*, pp. 4-6]

In his Motion for Reconsideration, Myers alleges, for the first time, the following facts:  that after he arrived at the BCJ, his eyesight began to fade and that in March 2013, he was taken to St. Elizabeth's Hospital for evaluation; that in March 2013, the staff at St. Elizabeth Hospital told him that his retina had become detached and that immediate surgery was required; that in March 2013, the staff at St. Elizabeth's Hospital recommended that he undergo surgery at the Good Samaritan Hospital in Cincinnati, Ohio; that on August 15, 2013, he underwent the eye surgery at Good Samaritan Hospital, and that he did not learn until that date that his detached retina resulted from the cataract surgery which had been performed on August 2, 2012, at the Jewish Hospital. [R. 8, pp. 1-2]  In his motion, Myers also alleges that he was "…further informed that the delay in seeking treatment for the injury would prevent full recovery from the injury, and that the plaintiff's blindness may be permanent as a result of the delay in treatment or surgery to repair the retina."  [*Id.*, p. 2]

Myers now asserts that it was not until August 15, 2013 that he learned that Prindle's alleged actions or inactions caused his eye condition to worsen, and that it was on that date when the Good Samaritan medical staff first told him that the alleged delay in treatment had caused his eye condition(s) to worsen.  Myers argues that his Eighth Amendment deliberate indifference medical claim therefore did not accrue until August 15, 2013; that because his cause of action did not accrue until August 15, 2013, he had

3

one year from that date (until August 13, 2014) in which to file his § 1983 complaint; and that because he filed his § 1983 complaint on July 2, 2014, his complaint fell within the one-year statute of limitations period set forth in KRS § 413.140(1)(a) and was therefore timely filed.  Myers thus asserts that the Court incorrectly determined that his complaint was time-barred.

## DISCUSSION

Because Myers seeks reconsideration of the Opinion and Order, a final and appealable order, his motion falls under Federal Rule of Civil Procedure 59(e), which provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice.  *See also ACLU of Ky. v. McCreary County, Ky*., 607 F.3d 439, 450 (6th Cir. 2010*); Gen. Corp, Inc., v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  The grant or denial of a Rule 59(e) motion "is within the informed discretion of the district court." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999); *see also Leisure Caviar*, 616 F.3d  612, 615 (6th Cir. 2010) ("A district court, generally speaking, has considerable discretion in deciding whether to grant [a Rule 59(e)] motion.")

Myers has not satisfied either the first or second criteria of Rule 59(e), because the Court did not erroneously apply the law applicable to the statute of limitations in § 1983

4

civil rights actions, and Myers has not alleged the existence of newly discovered evidence.  In his complaint, Myers stated:

> That on August 9, 2012, following surgery to the plaintiff's right eye, for cataract removal, and due to the conduct, actions and omissions of the defendant, the plaintiff was caused to lose all sight in the right eye, rendering the plaintiff nearly blind in both eyes since his left eye was, also, partially blind.

[R. 1, p. 2, ¶ 5]

Myers thus clearly and unambiguously conveyed in the above passage that Prindle denied him necessary medical treatment, demonstrated deliberate indifference to his serious medical needs, and violated his Eighth Amendment rights *on August 9, 2012*.  He alleged none of the other facts which he now asserts for the first time in his motion for reconsideration, such as his claim that it was not until August 15, 2013 that he learned from the Good Samaritan medical staff that it was Prindle's alleged actions/inactions which caused his eye condition to worsen and deteriorate.

The new allegations which Myers now sets forth would, or should have been, known to him when he filed his complaint on July 2, 2014, but he did not include those allegations until *after* the Court determined that his § 1983 claims were time-barred.  Thus, the information contained in Myers's motion for reconsideration does not qualify as "newly discovered evidence," because it is information which Myers should have but did not include in his complaint.  Under Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.  *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008);

*Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998) (stating that "[a] motion under Rule 59(e) is not an opportunity to re-argue a case"); *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989) ("It is well established ... that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment."); *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (explaining that a Rule 59(e) motion "may not be used to argue a new legal theory").

Further, as explained in the Opinion and Order, the statute of limitations for a civil rights action begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his actions. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991); *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). The new information contained in the Rule 59(e) motion may indicate that Myers did not know of the *precise* cause of the retinal detachment until August 15, 2013, but his current motion indicates that he was or should have been put on inquiry notice of an Eighth Amendment claim either by March 2013, when the staff at St. Elizabeth's Hospital informed him of the retinal detachment and the need for "immediate" surgery, or at the latest by May 2013, when he was examined and evaluated at Good Samaritan Hospital, and when surgery was scheduled.

In other words, Myers contends that until August 15, 2013, he did not have actual notice as to exactly who or what was allegedly to blame for his deteriorated ocular condition, but actual knowledge is not required for the statute of limitations to begin to

run.  *Ritter v. Francis*, No. 07-CV-46-KSF, 2007 WL 1695221, at *4 (E. D. Ky. June 8, 2007)  A plaintiff need not know the full extent of his injuries before his claim accrues; he must merely be sufficiently aware of his injury to put him on inquiry notice. *Friedman*, 929 F.2d at 1159 (citing *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975) ("Any fact that should excite [the plaintiff's] suspicion is the same as actual knowledge of his entire claim.")); *Barcume v. City of Flint*, 819 F.Supp. 631, 635 (E.D. Mich. 1993) (holding that limitations period begins to run in response to acts themselves and not in response to the continuing effects of past conduct).

Even in light of the new facts which Myers now provides, by either March 2013 or May 2013, he had obtained information which was sufficient to put him on notice of the claim which is the basis of this action.  Therefore, Myers's § 1983 complaint, which was filed on July 2, 2014, was time-barred under Kentucky's one-year statute of limitations.

Third, Myers has not alleged an intervening change in the controlling law, as required under the third prong of Rule 59(e).  Fourth and finally, given Myers' delay in filing this action, he has not established that the dismissal of his § 1983 complaint will subject him to manifest injustice, which is required under the fourth prong of Rule 59(e). The "manifest injustice" ground is "an amorphous concept with no hard line definition," *see In re Henning*, 420 B.R. 773, 785 (Bankr. W. D. Tenn. Nov. 6, 2009) (citing *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 2944902, at *2 (E.D. Tenn. June 19, 2008)), and appears to be a catch-all provision, but it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind. *See*, *e.g.*, *GenCorp*, 178 F.3d at 834.

Generally, a finding of manifest injustice or a clear error of law requires "unique circumstances," such as complete failure to address an issue or claim, *McWhorter v. ELSEA, Inc*., No. 2:00-CV-473, 2006 WL 3483964, at *2 (S.D. Ohio Nov. 30, 2006) (citing *Collison v. Int'l Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994)), but such unique circumstances do not exist in this case.

For the reasons set forth above, the Court concludes that Myers' Motion for Reconsideration of the Opinion and Order must be denied.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that Plaintiff Reginald Myers' Motion for Reconsideration [R. 8] of the July 30, 2014, Memorandum Opinion and Order and Judgment [R. 6 and 7] dismissing his 42 U.S.C. § 1983 civil rights complaint, is **DENIED**.

This 13th day of February, 2015.



Signed By:
*David L. Bunning*
United States District Judge

G:DATA/ORDERS/Cov 14/14-126 MOO Denying Mtn for Reconsideration